IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VICKI FANNING MCLEAN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-591-RP |
| COUNTRY OF MEXICO, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Plaintiff Vicki Fanning McLean ("McLean") filed her complaint in this case on June 10, 2019. (Dkt. 1). McLean is not a prisoner and she is not proceeding *in forma pauperis*. The screening provisions of 28 U.S.C. §§ 1915 and 1915A therefore do not apply. Nevertheless, district courts have the inherent authority to screen a pleading for frivolousness and may dismiss *sua sponte* claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" because such claims lack "the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). This inherent power applies even with respect to complaints in which the plaintiff is not a prisoner and has paid a filing fee. *Black v. Hornsby*, No. 5:14-CV-0822, 2014 WL 2535168, at *3 (W.D. La. May 15, 2014), *subsequently aff'd sub nom. Black v. Hathaway*, 616 F. App'x 650 (5th Cir. 2015).

McLean's 124-page complaint (564 pages with exhibits) is fantastical and completely frivolous. The list of defendants McLean names spans 11 pages and includes "Mexico, Country of, 1917 to Present," the current president and several former presidents of Mexico, current and former elected representatives of several states, professional sports leagues such as the National Basketball

Association and National Football League, federal judges of Latino or Hispanic descent, and Latino and Hispanic celebrities and athletes such as "Jennifer Lopez Puerto Rican Known as JLo Celebrity" and "Alexander Rodriguez Dominican Former New York Yankees Player." (Dkt. 1, at 1–11).

McLean purports to bring claims against these Defendants under 17 federal statutes. (*Id.* at 1–2). She alleges that Defendants are "allowing massive numbers of Mexican Citizens and falsely documented Mexican U.S. Citizens . . . to invade the United States to aid the U.S. Federal Reserve Shareholders to control and overtake the legitimate U.S. Government and U.S. Citizens established under the U.S. Constitution attacking them both financially and physically daily inside the United States on U.S. domestic soil." (*Id.* at 14). She further alleges that:

> Due to [several Foreign Intelligence Surveillance Court] cases being active with active investigations specifically addressing the yearly massive theft of U.S. funds by the Federal Reserve Shareholders back till 1913 there exists a much greater threat from immigrants, legal and illegal living inside the United State, to rise up and revolt against the U.S. Citizens in the border States and Coastal States while enabling the mass movement of foreign troops from the Mexican border falsely claiming asylum and refugee status, from overseas from China by way of cruise ships, and from Russia by way of illegal international underground subways to overtake the United States and the United States Citizens for the Federal Reserve Shareholders planned massive United States genocide.

(*Id.* at 12).

For relief, McLean requests, in part, (1) that the Mexican Government be "liable for all terrorist attacks caused by the Mexican citizens" because "Mexican Citizens [are] the dominant immigrants working inside and with the illegal Harvard Mind Control Headquarters to carry out the mass shootings and terrorist attacks inside the United States"; (2) that "immigrants" be prohibited from "protest[ing] in or out of court" the construction of the "U.S. Mexico Border Wall" because such protests "can only be addressed by immigrants and citizens of Mexico in an international court"; and (3) that the Mexican Government be ordered to change its "visa policies" and be required to "man[] the border with massive numbers of Mexican border agents with military

2

support." (*Id.* at 119–21). McLean ends by stating that "Mexican citizens inside the United States" holding "top U.S. and State governmental positions" "are thieves and killers," requesting that the Court "deport[ ] them permanently" and "deem the Mexican Citizens inside the United States as an enemy [sic] of the State"; and urging the Court "to be obedient to" scripture from the Torah to "move swiftly to get revenge and retribution from the government of Mexico and the Mexico Citizens living in the United States or expected [sic] to be cursed by the God of Israel once again for 70 years down to 4 generations for not swiftly getting revenge and retribution for the real authentic U.S. Citizens." (*Id.* at 122–24).

The Court finds that all of McLean's claims are totally frivolous. The Court will therefore invoke its inherent authority to dismiss this action with prejudice. As stated by the Fifth Circuit:

> Federal courts are proper forums for the resolution of serious and substantial federal claims. They are frequently the last, and sometimes the only, resort for those who are oppressed by the denial of the rights given them by the Constitution and laws of the United States. Fulfilling this mission and the other jurisdiction conferred by acts of Congress has imposed on the federal courts a work load that taxes their capacity. Each litigant who improperly seeks federal judicial relief for a petty claim forces other litigants with more serious claims to await a day in court. When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly.

*Dilworth*, 81 F.3d at 617 (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981)). This reasoning is applicable in cases such as this one.

Additionally, the Court also notes that this is McLean's second case dismissed *sua sponte* as totally frivolous. (*See McLean v. State of Texas Secretary of Election Division, et al.*, 1:18-CV-1021-RP (W.D. Tex.), Dkt. 2). Courts possess the inherent authority "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se*

3

litigant has a history of submitting multiple frivolous claims. Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993). Thus, if McLean continues to file meritless suits, the Court will consider the imposition of sanctions. Such sanctions may include an injunction barring her from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions. Finally, McLean could be prohibited from filing any new lawsuits until all sanctions levied against her are paid in full.

Accordingly, for the reasons given above, the Court **ORDERS** that McLean's complaint is **DISMISSED WITH PREJUDICE** as frivolous.

**SIGNED** on July 3, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE